UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL JOHNSTON, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:06CV01571 RWS |
| ) | |
| ROYAL OAK ENTERPRISES, INC., ) | |
| ) | |
| Defendant(s). ) | |

## MEMORANDUM AND ORDER

This matter is before me on Royal Oak's Motion to Dismiss [#3]. Royal Oak argues that Johnston's claim should be dismissed because he has not met the "control test" as required by Missouri state law. Because this argument rests on information outside of the pleadings, I will deny Royal Oak's Motion to Dismiss.

*Standard*

In ruling on a motion to dismiss, I must accept as true all the factual allegations in a complaint and view them in the light most favorable to the Plaintiff. Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993). A cause of action should not be dismissed for failure to state a claim unless, from the face of the complaint, it appears beyond a reasonable doubt that the Plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993).

*Analysis*

Royal Oak argues that Johnston's claim should be dismissed because he has not met the "control test" as required by Missouri state law. Under Missouri state law, an employee of an independent contractor cannot bring a cause of action in negligence against the landowner for the

landowner's direct negligence for failure to warn the contractor of a dangerous condition on defendant's property, unless the employee "can demonstrate that the landowner controlled both the jobsite and the activities of the contractor." Callahan v. Alumax Foils, 973 S.W.2d 488, 490 (Mo. Ct. App. 1998). This requirement is commonly referred to as the "control test." Royal Oaks argues that "[o]n the Petition's face [Johnston] has failed to allege facts supporting the necessary contention that [Royal Oak] was in substantial control of both the jobsite and activities of [Johnston's] employer, and therefore he has failed to state a claim."

Royal Oak bases its "control test" argument on its belief that at the time of the accident, Johnston was employed by and working for Multi Heath Furnace, who had contracted with Royal Oak to install a pollution control device in a smokestack at Royal Oak's plant. This alleged fact was not present in Johnston's initial complaint. Rather, Johnston alleged that he was injured while a business invitee at Royal Oak's plant.

Federal Rule of Civil Procedure 12(b) states that when considering a Motion to Dismiss under Rule 12(b)(6), if matters outside of the pleadings are presented to me and I chose not to exclude these new matters, the motion shall be converted to a Motion for Summary Judgment under Rule 56. Royal Oak has presented no evidence to support its statement other than by leading into the statement with "Upon information and belief...". Due to the early stage of these proceedings, and because I find this matter is better considered in a Motion for Summary Judgment, I will exclude this new matter of Johnston's alleged employment with Multi Hearth Furnace and therefore consider this Motion as a Motion to Dismiss.

As this was Royal Oak's only argument that Johnston had failed to plead his claim sufficiently, I will deny Royal Oak's Motion to Dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Royal Oak's Motion to Dismiss [#3] is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 29th day of January, 2007.